Samuel A. Spiegel, J.
The following facts are stipulated:
On September 19, 1966, plaintiff was engaged in the construction of a building in Rochester, New York, and had in its custody a crane, boom, and jib which were rented to plaintiff by Engineering Rentals, Inc., to be used at the construction site. On the date mentioned, the crane, boom and jib, while in use by plaintiff, collapsed and caused damages for repairs in the sum of $25,000.
On the date of the accident, Engineering Rentals, Inc., had in effect a valid policy of liability insurance with defendant Liberty Mutual. Engineering Rentals, Inc., duly complied with the notice of loss requirement of that policy concerning the accident in issue.
On the date of the accident plaintiff had in effect liability insurance with the U. S. Fire Insurance Company and Phoenix Insurance Company, and plaintiff duly gave notice of the loss to its insurers.
Defendant and plaintiff’s insurers are members of insurance industry associations which adhere to an agreement called “ Guiding Principles for Overlapping Insurance Coverages ”.
The dispute between the parties which the court is called upon to resolve is whether defendant is liable for all or any part of the loss herein described.
Each of the policies involved in this action has an “ excess ” clause. Each states that if there is other insurance covering *956 some loss for which claim is made, then these policies shall apply only as excess insurance and not as contributing insurance. The “ excess ” insurer shall be liable for loss only above the extent to which the “ other insurance ” covers the loss.
Where two or more insurance policies covering the same loss have mutual “ excess ” clauses, the clauses have the effect of canceling one another out, and each of the policies is considered one of primary and contributing insurance. This is so, since a literal interpretation of such clauses in two or more policies covering the same excess loss creates a logical dilemma in that there is excess insurance without primary insurance (Federal Ins. Co. v. Atlantic Nat. Ins. Co., 25 N Y 2d 71). If the “ excess ” clauses, standing alone, were the only operative clauses in the respective policies which relate to one another, the court would be required to hold that defendant is liable for one half the loss in issue, with plaintiff’s insurers liable for the other half.
However, the insurance policy by which defendant Liberty Mutual insured Engineering Rentals, Inc., contains the following printed clause: ‘ ‘ There is excluded from insurance under this policy all merchandise which is insured against any hazard whatsoever under any other insurance whether such other insurance directly insures the insured, or whether the insured has arranged to receive the benefits of such insurance, except-that when such other insurance does not insure the interest of the insured and the insured has not arranged to receive the benefits from any other insurance, then this policy shall insure such interest of the insured in such property.” No similar exclusion or limitation clause is contained in either of the insurance policies held by plaintiff.
The two policies of insurance held by plaintiff cover the entire loss in issue, and the liability of Engineering Rentals, Inc., for such loss is thereby covered. By this arrangement Engineering Rentals, Inc., is the beneficiary of the insurance carried by plaintiff. Therefore, in the situation at bar the ‘1 exclusion ’ ’ or “limitation of coverage ” clause in the policy issued to Engineering Rentals, Inc., by defendant must prevail since that clause mandates a holding that defendant is not liable for all or any part of the loss in issue. It was so held in an identical situation, in Davis v. De Frank (33 A D 2d 236, affd. 27 N Y 2d 924), in which the court distinguished Federal Ins. Co. v. Atlantic Nat. Ins. Co. (supra).
The court does not find that the foregoing is modified by the presence of a typewritten rider in the policy issued by defendant Liberty to Engineering Rentals, by which the coverage of that *957 policy is extended to merchandise as described in the “ Property Insured ” clause in the printed policy, “ which is in the possession of others under a rental or loan agreement with the insured.” This is so, notwithstanding that the status of the crane, boom and jib at the time of their collapse falls within the language of the typewritten rider.
Even bestowing precedence upon the typewritten rider over the language of the printed policy, the typewritten indorsement cannot be construed to overcome the ‘ ‘ exclusion ” or ‘ ‘ limitation of coverage ” clause. The typewritten clause by its ordinary meaning extends the scope of the situations whereby property is insured under the policy. However, it does not and cannot supersede or modify the unequivocal ‘ ‘ exclusion ’ ’ or “ limitation of coverage ” where there is other insurance upon the property.
The court, in reaching its conclusions has given no weight to “ Guiding Principles for Overlapping Insurance Coverage ” as it is not shown that these £ 1 Guiding Principles ’ ’ are legally binding upon the insurers in relation to the controversy at bar. The preamble to the ‘ ‘ Guiding Principles ’ ’ states only that the associations promulgating them “ recommend to their respective members their concurrence in adopting the following Guiding Principles.”
After a careful analysis judgment is directed for defendant.